WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Keith-Anthony Hartl, | No. CV-25-08125-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Supreme Court, et al., | |
| Defendants. | |

*Pro se* Plaintiff Keith Hartl ("Plaintiff") has filed an Application for a Temporary Restraining Order. (Doc. 2). Plaintiff asks the Court to order that federal funding to the State of Arizona be enjoined pending the outcome of three actions that he has filed in federal court under 42 U.S.C. § 1983. (*Id.* at 1). Plaintiff sought leave to proceed *in forma pauperis* ("IFP") (Doc. 5), but has since paid the filing fee. (Doc. 7).[1] Upon review of Plaintiff's Complaint (Doc. 1) and his TRO Application, the Court finds that it does not have subject matter jurisdiction over this matter.

**I.   Background**

All of Plaintiff's claims seem to be related to underlying state court proceedings. Plaintiff states that he has filed the following pending matters: "2024-cv-2286, 2024-cv-0904, and 2024-cv-0005" in federal court. (Doc. 2 at 1). Plaintiff is not a party to any of these cases, however. *See e.g., Rotondo v. Commissioner of Social Security Administration*, 2:24-cv-00005-JAT (the plaintiff is listed as "Reed Rotondo," not Keith

---

[1] Plaintiff's payment of the Court's filing fee moots his IFP Application (Doc. 5).

Hartl). The cases Plaintiff discusses instead appear to be filed in various state courts around Arizona. For example, the case Plaintiff lists as "2024-cv-0904" is a case in Mohave County Superior Court which lists Mr. Hartl as the Defendant. *See Mohave County v. Hartl*, No. S-8015-CV-202400904 (Ariz. Super. Ct., Mohave Cty. 2024). There is also an underlying state court case where Defendant David Carey sued Plaintiff in state court. *See Carey v. Hartl*, No. S-8015-CV-202402286 (Ariz. Super. Ct., Mohave Cty. 2024).

Plaintiff's Complaint alleges a Section 1983 Due Process claim, a claim under the Administrative Procedure Act ("APA"), and claims for "real estate de[e]d fraud," forgery, wrongful foreclosure, breach of contract, negligence and intentional infliction of emotional distress. (Doc. 1 at 2, 10–12). Plaintiff alleges that Defendant Carey, an attorney and third-party debt collector, is employed by the Mohave County Municipal Court and incorrectly filed a complaint for foreclosure against his property. (*Id*. at 6). Plaintiff states that the foreclosure petition is not valid as he is not a U.S. Citizen but a "State Citizen of the Republic State of Arizona." (*Id*.) He also alleges that "Judge Gregory" wrongfully entered default against him on January 25, 2025, and terminated the action. (*Id*. at 7).

Plaintiff also asserts that he filed a lawsuit against the Defendants in federal court for the illegal sale of his home on April 7, 2022. (*Id*.) He states that this case is listed in "Exhibit C," but the only "exhibit" filed with Plaintiff's Complaint is an "Affidavit of Citizenship." (*Id*. at 22–24). Plaintiff also filed a "Supplemental Pleading" seeking to add the Arizona Supreme Court to his lawsuit because its local rules conflict with the Constitution. (Doc. 6 at 5).

**II.    Legal Standard**

    **A.    Subject Matter Jurisdiction**

Lack of subject matter jurisdiction may be raised by the district court *sua sponte*. *Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 400 F. Supp. 3d 998, 1001 (E.D. Cal. 2019), *aff'd*, 38 F.4th 68 (9th Cir. 2022) (citing *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999)). In fact, the Court has "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any

party." *Id*. (citing Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking)). The plaintiff must show that the court in question has jurisdiction to hear their case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must dismiss a plaintiff's complaint if it fails to establish subject matter jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### B.   The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal district courts generally lack jurisdiction to review a final state court decision. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). The reasoning underlying this principle is that the United States Supreme Court is the only federal court with jurisdiction to hear direct appeals from a final state court judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Therefore, if a party is disappointed with a state court judgment, that party may not appeal to federal district court; even if the issue would be otherwise within federal district court jurisdiction based upon a federal question or diversity of citizenship. *Id*. at 1155. The doctrine applies to both final state court judgments and interlocutory orders. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). "The purpose of the doctrine is to protect state judgments from collateral federal attack." *Id*. The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Miroth v. Cnty. of Trinity*, 136 F.4th 1141, 1148 (9th Cir. 2025) (*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

To determine whether *Rooker-Feldman* applies, and whether a court lacks jurisdiction, courts first consider whether the action was essentially brought as an appeal from an adverse state-court decision. *See Lance v. Dennis*, 546 U.S. 459, 463 (2006); *Exxon Mobil*, 544 U.S. at 291. This is because the doctrine only applies when "the losing

party in state court filed suit in federal court after the state proceedings ended." *Exxon Mobil*, 544 U.S. at 291 (emphasis added). However, *Rooker-Feldman* also applies even where the parties do not directly contest the merits of a state court decision, as the doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). A federal action constitutes a *de facto* appeal where the "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi*, 334 F.3d at 898.

### III. The Court Lacks Subject Matter Jurisdiction Over this Matter

Plaintiff essentially appeals the state court's entry of default, foreclosure, and termination of the foreclosure case to this Court. (Doc. 1 at 6–7). Plaintiff makes various allegations about the foreclosure process he defended against in state court. (*Id.*) He says that the state court entered default against him, terminated the case, and that his home was sold through the foreclosure process on April 7, 2022. (*Id.*) Plaintiff now seeks damages, in this court, due to this "wrongful foreclosure." (*Id.* at 14). In doing so, Plaintiff complains of a legal injury caused by a state court judgment, which is barred from federal court review. *Noel*, 341 F.3d at 1163. He specifically complains of erroneous rulings by "Judge Gregory" which resulted in the sale of his foreclosed home. (Doc. 1 at 6–7). Plaintiff alleges that the "statute in the foreclosure complaint is not a valid law." (*Id.* at 6). He also alleges that the sale of his home was "illegal." (*Id.* at 7).

These allegations are complaints of injuries caused by the state-court judgments. *See Miroth*, 136 F.4th at 1148. Reviewing Plaintiff's Complaint in the aggregate, the Court finds that Plaintiff seeks "district court review and rejection of [the state court] judgments." *Id.* Plaintiff's claims are "inextricably intertwined" with the state court's judgment because any review of his claims would undercut the state court's ruling and are thus a "forbidden

*de facto* appeal." *Noel*, 341 F.3d at 1156 ("when a losing plaintiff . . . brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal").[2]  Because this action was "essentially brought as an appeal from an adverse state-court decision," this Court does not have subject matter jurisdiction and must dismiss this action. *Id.*; *see also Heart v. Bank of New York Mellon*, 2025 WL 358408, at *5 (D. Haw. Jan. 31, 2025) (concluding that a state court's foreclosure judgment was "effectively final" for "purposes of *Rooker-Feldman*.") (citing *Plotkins v. Cnty. of Kaua'i, Fin. Div. Real Prop. Assessment*, 2024 WL 1885791, at *2 (D. Hawaii Apr. 30, 2024)).

In short, *Rooker-Feldman* bars this Court's review of Plaintiff's action and allowing leave to amend would be futile. *See Obeng-Amponasah v. Naiman*, 677 F. App'x 425 (9th Cir. 2017) (affirming dismissal without leave to amend for foreclosure-related claims under *Rooker-Feldman* doctrine as futile "because the jurisdictional defect could not be cured by amendment").

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED with prejudice**.  Plaintiff's Applications for a Temporary Restraining Order (Doc. 2) and for Leave to Proceed In Forma Pauperis (Doc. 5) are **DENIED as moot**.  The Clerk of Court is kindly directed to enter judgment accordingly and terminate this action.

Dated this 14th day of July, 2025.

Honorable Diane J. Humetewa
United States District Judge

---

[2] The Court notes that the fact Plaintiff seeks monetary damages does not impact the Court's decision as the Ninth Circuit has found that the *Rooker-Feldman* doctrine can bar a claim for monetary damages where the Plaintiff claims are "contingent upon a finding that the state court decision was in error." *Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012).  Such is the case here, as Plaintiff specifically complains of erroneous rulings by the state court which resulted in the "illegal" sale of his foreclosed home. (Doc. 1 at 6–7).